UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| KIMBERLY J. BITTO, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>) Case No. 10-2032<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>    Defendant. ) | |

# O R D E R

On August 5, 2010, Plaintiff Kimberly Bitto filed Plaintiff's Motion For Summary Judgment Or Remand (#12) against Defendant Michael J. Astrue, Commissioner of Social Security. Plaintiff seeks Disability Insurance Benefits (DIB) from July 25, 2005 to October 1, 2006, pursuant to the Social Security Act, 42 U.S.C. § 405(g). Parties have consented to exercise of jurisdiction by a U.S. Magistrate Judge.

In September 2010, Defendant filed a Motion For An Order Which Affirms The Commissioner's Decision (#14). Plaintiff subsequently filed Plaintiff's Reply Brief (#20) and a Notice Of Citation Of Supplemental Authority (#17). After reviewing the parties' pleadings and memoranda, this Court **GRANTS** Defendant's Motion For an Order Which Affirms The Commissioner's Decision **(#14)** and **DENIES** Plaintiff's Motion For Summary Judgment Or Remand **(#12)**.

## I. Background

Plaintiff is a 42 year old high school graduate with past relevant work (hereinafter "PRW") as a maintenance mechanic, ingredient mixer, sorter/collater, appliance installer, and machine operator. Plaintiff suffers from blindness in the left eye, diabetic neuropathy, and Charcot disease of the left foot causing her to quit her job on July 25, 2005. Plaintiff filed an application for DIB on September 9, 2005, alleging a closed period of disability beginning

July 25, 2005, and ending October 1, 2006. The application was denied, and Plaintiff filed a request for a hearing on March 3, 2006. (R. 62).

Plaintiff received a video hearing before Administrative Law Judge (hereinafter "ALJ") John M. Wood on April 29, 2008, with Vocational Expert (hereinafter "VE") Ronald Malik present. (R. 18-44). The VE considered a hypothetical individual with Plaintiff's PRW with an exertional capacity limited to sedentary work, with the following additional limitations: a need for a sit/stand option; an inability to climb and use ladders, ropes, or scaffolds; an ability to perform other postural functions occasionally; a need to avoid environmental hazards such as unprotected heights and dangerous machinery; and a limitation to jobs that can be performed with monocular vision. The VE testified that such an individual would not be able to perform Plaintiff's PRW, but listed six representative jobs that could be performed by an individual with the aforementioned limitations, as well as Plaintiff's age, education, and work history.

The ALJ issued an unfavorable decision against Plaintiff on May 29, 2008. (R. 6-15). The ALJ acknowledged that Plaintiff was incapacitated for a period of time and incapable of working, but that she regained the capacity for a limited range of sedentary work within 12 months of the alleged onset date of July 25, 2005. (R. 12). Plaintiff subsequently filed a request for review of the hearing decision on July 22, 2008, but the Appeals Council denied review on December 14, 2009. (R. 1-5). Plaintiff filed a timely civil action with this Court on February 23, 2010. (R. 45).

**II. Standard**

An individual may seek judicial review of the final decision of the Commissioner of Social Security if a complaint is timely filed. 42 U.S.C. § 405(g). When the Appeals Council denies review, the ALJ's decision stands as the final decision of the Commissioner. 20 C.F.R. § 416.1481; *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The decision of the ALJ should be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Elder v.*

*Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The ALJ must "build a logical bridge from the evidence to his conclusion." *Haynes*, 416 F.3d at 626. This does not mean the ALJ must provide a "complete written evaluation of every piece of testimony and evidence." *Id.* (quoting *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995)). The opinion of a treating physician regarding the nature and severity of a medical condition should be given controlling weight if well supported by medical findings and not inconsistent with other evidence in the record. *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000). However, a claimant is not entitled to disability benefits simply because a physician finds that the claimant is "disabled" or "unable to work" because the Commissioner is charged with determining the ultimate issue of disability. *Id*.

### III. Discussion

Plaintiff argues the ALJ's RFC determination is incomplete, erroneous, and not supported by substantial evidence, in that the ALJ fails to account for Plaintiff's monocular vision and improperly weighs medical evidence. Additionally, Plaintiff asserts the ALJ's credibility finding is vague, erroneous, and not supported by substantial evidence. Lastly, Plaintiff aruges the ALJ's Step Five determination is erroneous and not supported by substantial evidence.

*RFC determination*

Plaintiff argues the ALJ's RFC determination is incomplete, erroneous, and not supported by substantial evidence. First, Plaintiff argues that the ALJ did not explain how her monocular vision accounts for her ability "to work with larger objects." (R. 13). The ALJ must "build a logical bridge from the evidence to his conclusion." *Haynes*, 416 F.3d at 626. The ALJ supports his conclusion by noting that Plaintiff retains good vision in her right eye, and has demonstrated an ability to work with larger objects, despite monocular vision, in past jobs. (R. 13). In the video hearing, Plaintiff testified that her blindness in one eye "didn't affect [her] too much" other than decreasing her peripheral vision. (R. 28). Furthermore, monocular vision was included in the hypothetical given to the VE. (R. 40). Plaintiff does not contend that her lack of vision in her left eye requires any additional limitations beyond what the ALJ found. Accordingly, this Court finds Plaintiff's first argument does not undermine the ALJ's determination.

Second, Plaintiff argues the ALJ's determination did not mention the results of the nerve conduction testing Plaintiff underwent on July 28, 2006, by Dr. Fletcher, or the August 15, 2006, letter written by Mr. Kent, vice president of human resources at Plaintiff's place of employment. Plaintiff argues that both the test results and the letter constitute evidence that Plaintiff was still incapacitated more than 12 months after her alleged onset date. The ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). If the ALJ gives less than controlling weight to a treating physician's opinion, the ALJ must offer good reasons for discounting the opinion. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010); *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006). Contrary to Plaintiff's assertions, the ALJ considered the results of the nerve conduction testing by Dr. Fletcher by noting that a work study in July 2006 "indicated that the claimant could not return to past work." (R. 14). The results of the testing done by Dr. Fletcher and the letter written by Mr. Kent both support Plaintiff's inability to return to her past work. Importantly, the ability of the Plaintiff to return to her past work was not at issue. The VE indicated that a person with the limitations proposed by the ALJ could not return to Plaintiff's PRW, and the ALJ accepted this assessment in his determination (R. 14, 40). The nerve conduction test performed by Dr. Fletcher does not contradict the ALJ's determination that Plaintiff was able to perform sedentary work within the closed period of time in which Plaintiff is seeking DIB. Similarly, the letter written by Mr. Kent on August 15, 2006, relies on the opinion of Dr. Fletcher and provides no additional medical evidence. Accordingly, this Court finds the ALJ adequately considered the nerve conduction testing performed by Dr. Fletcher on July 18, 2006, and the letter on August 15, 2006, by Mr. Kent.

Finally, in October of 2005, Plaintiff's treating physician, Dr. Eickmeier, provided a note allowing Plaintiff to return to work with the following restrictions: no climbing of stairs, scaffolds, or ladders; no lifting more than 20 pounds, no working more than 40 hours per week and 8 hours per day; and limited walking and standing. (R. 284). The note also stated that returning to work was against Dr. Eickmeier's medical advice and may result in the loss of Plaintiff's limb. *Id*. On April 6, 2006, Dr. Eickmeier's medical notes instructed Plaintiff to

4

continue with her current work restrictions. (R. 322-23). Plaintiff argues her work restrictions prior to April of 2006, were to remain off work, and therefore Plaintiff was not released to work at this time. This Court rejects this argument. It seems clear from the record that the work restrictions referred to in the April 2006 medical notes were the restrictions listed in the October 2005 note. The ALJ included these restrictions into the residual functional capacity in this case. Furthermore, the ALJ noted that "those restrictions were [in] place only three months after the alleged onset date" and the ALJ "restricted the claimant even further." (R. 14). Accordingly, this Court finds the ALJ's RFC determination is supported by substantial evidence.

*Credibility finding*

Plaintiff asserts the ALJ's credibility finding is vague, erroneous, and not supported by substantial evidence. This Court will uphold an ALJ's credibility finding so long as it is not "patently wrong" because the ALJ is in the best position to see and hear Plaintiff. *Herron v. Shalala*, 19 F.3d 329, 335 (7th Cir. 1994). This Court will affirm a credibility determination if the ALJ gives specific reasons that are supported by the record for his finding. *Skarbek v. Barnhart*, 105 Fed.Appx. 836, 840 (7th Cir. 2004) (citations omitted). An ALJ should indicate which statements he finds not credible, and should not rely on boilerplate language that a claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are "not entirely credible." *Spiva v. Astrue*, 628 F.3d 346, 348 (7th Cir. 2010) (discussing *Parker v. Astrue*, 597 F.3d 920 (7th Cir. 2010)).

The ALJ determined that the Plaintiff's statements concerning the intensity and limiting effects of her pain were not credible to the extent they are inconsistent with the RFC assessment. (R. 12). The ALJ supported this determination by considering several factors including: Plaintiff's failure to take strong codeine or morphine-based analgesics, Plaintiff's failure to undergo continuing treatment beyond office visits, a lack of usual objective signs of severe pain such as abnormal weight loss or muscle atrophy, and Plaintiff's resuming daily activities within a year of her alleged onset date. (R. 13). Plaintiff argues that she did not take stronger pain medication because of the adverse side affects, and did not seek continuing treatment beyond office visits because of her financial condition. Furthermore, Plaintiff asserts that resuming some

5

daily activities does not demand the same level of exertion as working full-time. Despite these explanations, the ALJ reasonably determined that the relevant credibility factors, taken as a whole, failed to support a finding of complete disability during the alleged closed period. Furthermore, even if "reasonable minds could differ concerning whether [Plaintiff was] disabled," the decision of the ALJ must be affirmed if the decision is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996)). This Court finds the ALJ's credibility determination does not constitute patent error.

*Step Five determination*

Plaintiff argues the ALJ's Step Five determination is erroneous and not supported by substantial evidence. During the video hearing, the VE offered several representative jobs available in the national and/or regional economy that an individual could perform with Plaintiff's age, education, and work history, as well as limitation to sedentary work, with a need for a sit/stand option; an inability to climb and use ladders, ropes, or scaffolds; an ability to perform other postural functions occasionally; a need to avoid environmental hazards such as unprotected heights and dangerous machinery; and a limitation to jobs that can be performed with monocular vision. (R. 40-41). Plaintiff argues that additional limitations arising from pain and the side effects of pain medication should have been included in the hypothetical presented to the VE. The ALJ noted in his decision that Plaintiff's impairments could reasonably be expected to produce some adverse symptoms, but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment . . . ." (R. 12). For the reasons stated above, this Court finds the ALJ had substantial evidence to support both his RFC assessment and credibility determination. Accordingly, this Court finds no reversible error with the ALJ's Step Five determination.

## IV. Summary

For the reasons stated above, this Court orders that the Motion For An Order Which Affirms The Commissioner's Decision **(#14)** be **GRANTED**. The Court orders that Plaintiff's Motion For Summary Judgment Or Remand **(#12)** be **DENIED.**

ENTER this 19th day of August, 2011.

s/ DAVID G. BERNTHAL  
U.S. MAGISTRATE JUDGE